FILED
2006 Mar-06 AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

ALBERTO SERRANO, as            }
Administrator of the Estate    }
of JUAN-MANUEL MEDINA-         }
SEVILLA, deceased, et al.,     }      CIVIL ACTION NO.
                               }      06-AR-0122-S
     Plaintiffs,               }
                               }
v.                             }
                               }
THE CITY OF IRONDALE, et al.,  }
                               }
     Defendants.               }

## MEMORANDUM OPINION

Before the court is an amended motion to dismiss filed by defendants in the above-entitled cause. Although the motion does not challenge this court's subject-matter jurisdiction, this court is, as its first item of business in every case, required to satisfy itself that it has subject-matter jurisdiction because if it does not it cannot proceed to rule on any intriguing questions such as which, if any, of the various counts of a complaint state a claim upon which relief can be granted, the classic inquiry under Rule 12(b)(6).

The two plaintiffs here invoke only 28 U.S.C. § 1332 as the basis for jurisdiction in this court. Paragraph 4, the jurisdictional averment of the complaint, states:

> There exists diversity of [sic] jurisdiction under U.S. Constitution, Art. III § 2, 28 U.S.C.A. § 1332 as the controversy is between a citizen of a state and a citizen of a foreign country, and the amount in controversy exceeds the jurisdictional amount of $75,000.00 exclusive of interests [sic] and costs.

Although this averment refers to a single plaintiff and a single defendant, there are, in fact, two plaintiffs and two defendants. In order to meet the § 1332 jurisdictional threshold of $75,000.00 in controversy, it is necessary that each plaintiff have a non-frivolous claim of $75,000.00 or more, and not simply that the two claims aggregate the jurisdictional amount.  The court cannot ascertain from this complaint whether each plaintiff really has a chance of recovering in excess of $75,0000.00.  It is difficult for the court to conclude that the distinct, personal claims of Elizabeth Parra De Medina are worth $75,000.00, especially considering that she has no viable claim for loss of consortion arising from the alleged wrongful death of her husband in Alabama. *See Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 597 (7th Cir. 1990).

The much greater jurisdictional hurdle for plaintiffs in this case is the absence of a showing of the requisite diversity of citizenship.  Plaintiffs are apparently calling upon the court to deduce the citizenships of the defendants.  Because the burden is on a plaintiff to allege facts upon which complete diversity of citizenship can be clearly ascertained, the court cannot simply rely on its powers of deduction.  The residence of Elizabeth Parra De Medina is alleged to be Alabama.  In other words, if defendants are residents of Alabama, as the court expects, and Elizabeth Para De Medina is a resident of Alabama, there is no complete diversity

of citizenship and no jurisdiction under § 1332.

The residence of Juan-Manuel Medina-Sevilla, whose personal representative is the other plaintiff, is alleged to have been Alabama at the time of his death, but he is alleged to have been a citizen of Mexico. There is no additional allegation that decedent was not "an alien admitted to the United States for permanent residence", the pertinent words of § 1332(a). For aught appearing, decedent had a "green card", and must be deemed to have been a citizen of Alabama, in which event there would again be no jurisdiction under § 1332. See *Foy v. Schantz, Schatzman & Aaronson*, 108 F.3d 1347, 1349 (11th Cir. 1997).

Because these fatal jurisdictional defects theoretically may be surmounted by proper amendment, this court will, by separate order, dismiss the action *sua sponte*, but with the right to amend the complaint to remedy the jurisdictional defects.

DONE this 3rd day of March, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE