FILED
2006 May-11 PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
ALBERTO SERRANO, as              }
Administrator of the Estate      }
of JUAN-MANUEL MEDINA-           }
SEVILLA, deceased, et al.,       }     CIVIL ACTION NO.
                                 }     06-AR-0122-S
     Plaintiffs,                 }
                                 }
v.                               }
                                 }
CITY OF IRONDALE, et al.,        }
                                 }
     Defendants.                 }
```

**MEMORANDUM OPINION**

Before the court is the renewed Rule 12(b)(6) motion of defendants, City of Irondale ("Irondale") and P.S. Kelley ("Kelley"). Plaintiffs, Alberto Serrano ("Serrano"), as administrator of the estate of Juan-Manuel Medina-Sevilla, deceased, and decedent's surviving spouse, Elizabeth Parra de Medina ("Parra de Medina"), allege wrongful death by negligence, violations of the Fourth and Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983, police brutality and/or excessive force and/or oppressive conduct, violations of the state created danger doctrine, negligence and/or recklessness, civil conspiracy to commit fraud, breach of contract and/or breach of warranty, and damage to property and conversion. Plaintiffs do not have joint standing; they sue separately. Parra de Medina's only cause of action is stated in Count IX. All other claims, to the extent they have any viability, are the claims only of Serrano.

Count I, the Alabama negligent wrongful death claim, survives against both defendants. Count II, the § 1983 claim, survives against Kelley to the extent he is being sued in his individual capacity. However, the § 1983 claim fails insofar as it is made against Irondale and against Kelley in his official capacity. This court will not make a determination at this time with respect to Kelley's immunity defenses to the suit against him in his individual capacity. While the court recognizes that the case law favors a quick resolution of immunity issues, immunity determinations are questions of law based on facts, and the court will only be able to fairly assess Kelley's immunity defenses after the completion of discovery.

With respect to the § 1983 claim against Irondale, the only theory on which Serrano sues Irondale for its alleged constitutional violations is *respondeat superior*, through Kelley's acts as Irondale's agent. *Respondeat superior* cannot be used to establish a § 1983 claim against a municipality. *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001); *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). Because there are no factual averments upon which a viable § 1983 claim is stated against Irondale, there is no need to address the issue of whether a § 1983 wrongful death claim can be pursued against a municipality in Alabama in light of a municipality's § 1983 immunity from punitive damages and Alabama's peculiar wrongful death statute that only allows punitive

damages.  Nevertheless, the court reiterates its belief, articulated in *Collins v. Double Springs*, No. 98-2723 (N.D. Ala. Feb. 18, 2000), that Alabama municipalities are subject to claims for compensatory damages in § 1983 wrongful death actions, because a contrary holding would allow Alabama to exempt itself from generally applicable federal law.  It was *dicta* then.  It is *dicta* now.

With respect to Count III, the court questions whether claims of police brutality/excessive force/oppressive conduct are anything but a repetition of the claim for wrongful death by negligence or wantonness.  Nevertheless, to the extent it is distinguishable from other surviving claims, Serrano will be permitted to proceed against both defendants on this count.  Count IV, which alleges violations of some purported state created danger doctrine, fails as incomprehensible.  Counts V and VI, which respectively allege negligent conduct by Kelley and Irondale, are, like Count III, triable to the extent they are not duplicative of other claims.

Count VII, the civil conspiracy to commit fraud claim, fails under the intracorporate conspiracy doctrine.  Count VIII, the breach of contract/breach of warranty claim, fails because there is simply no express or implied contract or warranty to be breached.  Count IX, Parra de Medina's damage to property and conversion claim, survives.  They are personal to her.

Accordingly, defendants' motion to dismiss will be granted in

part and denied in part by separate order.

DONE this 11th day of May, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE