IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERTO SERRANO, as }<br>Administrator of the Estate }<br>of JUAN-MANUEL MEDINA- }<br>SEVILLA, deceased, et al., }<br> }<br>    Plaintiffs, }<br> }<br>v. }<br> }<br>CITY OF IRONDALE, et al., }<br> }<br>    Defendants. } | CIVIL ACTION NO.<br>06-AR-0122-S |

## MEMORANDUM OPINION

The court has before it the Rule 12(b)(6) motion filed by defendants, City of Irondale ("Irondale"), P.S. Kelley ("Kelley"), individually and in his capacity as a police officer of Irondale, and Jerry McIntosh ("McIntosh"), individually and in his capacity as police chief of Irondale, seeking a dismissal of the second amended complaint of plaintiffs, Alberto Serrano ("Serrano"), as administrator of the estate of Juan-Manuel Medina-Sevilla ("Medina-Sevilla"), deceased, and Elizabeth Para de Medina ("Para de Medina").  This second amended complaint repeats and supplements allegations in the original complaint that was first dismissed without prejudice for jurisdictional defects, and then, after refiling, was partially dismissed on defendants' earlier Rule 12(b)(6) motion.  The most important new element of the new complaint is the addition of the police chief, McIntosh, as a third defendant.  The core facts are that Kelley,

while on duty as a police officer for Irondale, shot and killed Medina-Sevilla, a Mexican national, at a house owned by Para de Medina.

The new complaint begins with 11 paragraphs that deal with jurisdiction and venue.  These paragraphs are followed by paragraphs 12 through 31 that elaborately outline the circumstances surrounding the incident.  Paragraph 31 is followed by various claims or causes of action numbered as Counts I, II, III, IV, V, VI, VII and VIII.  Each count incorporates by reference the allegations in paragraphs 1 through 31.  All counts refer to "plaintiffs" in the plural and ostensibly seek damages on behalf of both plaintiffs, although the court has previously made as clear as it could make it that plaintiffs sue separately and do not have joint standing or joint causes of action.  Para de Medina's spousal relationship to the decedent has no significance.  She sues only as a property owner, and not as a surviving spouse.  To the extent that Counts I, II, II, IV, V and VII have viability, they are the claims only of Serrano as decedent's personal representative.  Count VII is a claim both by Serrano and Para de Medina.  Count VIII is the claim only of Para de Medina.

The new complaint makes no distinction between claims brought against Kelley and McIntosh individually and against them in their official capacities.  During oral argument, plaintiffs

conceded that all of their claims against Kelley and McIntosh are only aimed at them as individuals, and not in their capacities as officials of Irondale.  Accordingly, as each count is discussed hereinafter, the court will use the names of the actual plaintiffs and the names of the actual defendants, and the words "in their official capacities" will disappear.

## Count I

In Count I, Serrano presents a garden-variety wrongful death claim against the two original defendants, Kelley and Irondale, invoking Alabama's Wrongful Death Statute.  The only reason the court did not earlier recognize the immunity asserted by these two defendants provided by § 6-5-338, Alabama Code, in defense of this count is that under the looseness allowed by notice pleading the allegations that Kelley "wantonly handled a firearm" and "used excessive force", together with the allegation in prefatory paragraph 24 that Kelley "used excessive force with the intent to inflict unnecessary harm upon the decedent" would, if proven, circumvent discretionary function immunity because "the officer's conduct is so egregious as to amount to willful or malicious conduct or conduct engaged in in bad faith".  *See Couch v. City of Sheffield*, 708 So.2d 144, 153 (Ala. 1998).  Or, because the Constitution of the United States has been violated, *Howard v. City of Atmore*, 887 So.2d 201 (Ala. 2003).

Conduct of the kind that strips a police officer of his § 6-

5-338 immunity does not strip his employer of that immunity, that is, unless the police misconduct has been expressly authorized or is subsequently ratified by the municipality. There are no such allegations in Count I. And, if, as Serrano alleges, Kelley's act was "intentional", Irondale is immunized from *respondeat superior* liability by § 11-47-190, Alabama Code. Accordingly, the court was wrong when it earlier denied Irondale's motion to dismiss the state law wrongful death claim in Count I. Upon reconsideration, its motion will now be granted. Kelley's motion will again be denied.

## Count II

In Count II, Serrano again invokes Alabama's Wrongful Death Statute, this time targeting only McIntosh and Irondale for the alleged negligent or wanton hiring, training and supervising of Kelley. Because these allegations clearly involve an exercise of a discretionary function by Irondale and McIntosh, they both enjoy § 6-5-338 immunity. Serrano did not allege that Irondale and/or McIntosh hired Kelley for the deliberate purpose of training him to shoot Hispanics like decedent without probable cause. The motion of McIntosh and Irondale to dismiss Count II will be granted.

## Count III

In Count III, Serrano invokes 42 U.S.C. § 1983, and charges that all three defendants violated the right to "due process"

4

guaranteed the decedent by the Fourteenth Amendment.  Whether or not the decedent could have pursued such a claim if he had lived is an academic question.  He did not survive, and any such cause of action that was owned by him died with him.  The court stretches notice pleading to interpret this count not as a claim by decedent that survived his death, but as a claim of a "due process" violation that proximately caused his death.  The court cannot detect from the allegations in Count III exactly what constituted an alleged denial of due process, either procedural or substantive.  There is nothing whatsoever to suggest a due process violation by McIntosh or Irondale.  The motions to dismiss Count III by McIntosh and by Irondale will be granted.  The motion of Kelley will be denied, despite the lack of particularity.

### Court IV

In Count IV, Serrano invokes § 1983 and claims a violation by all defendants of decedent's right to "equal protection" guaranteed by the Fourteenth Amendment.  This claim is in the same category as Count III and will be dismissed except as to Kelley.

### Count V

Serrano aims Count V only at Irondale and Kelley, asserting a violation of 42 U.S.C. § 1983 by the application of "excessive force" upon decedent precluded by the Fourth and Fourteenth

Amendments.  Because Irondale cannot be sued under § 1983 on a theory of *respondeat superior*, its motion to dismiss Count V will be granted.  However, Kelley can be liable if Serrano can prove that he used excessive force and that decedent's death was the proximate consequence.  Kelley's motion will be denied and Irondale's motion will be granted.  Insofar as Count V claims a "wrongful arrest" of the decedent, such a claim did not survive decedent's death.

## Court VI

In Count VI, both Serrano and Para de Medina complain against Kelley and Irondale of an unlawful search and seizure invoking § 1983.  Insofar as there may have been an unlawful search and seizure of the decedent, his claim did not survive.  Thus, Serrano has no claim against anybody under any such theory.  Insofar as the right of Para de Medina to be free from unlawful search and seizure, the motion to dismiss her separate claim will be denied as to Kelley, although the facts that can support such claim by her against Kelley are thin.  Her claim against Irondale fails because it depends upon a theory of *respondeat superior*.  The entire complaint suggests circumstances in which the search may have been lawfully performed because of exigent circumstances.  It is too early to tell.

## Count VII

In Count VII, Serrano claims that all three defendants

conspired in violation of 42 U.S.C. § 1985(3) to deprive decedent of his rights to "equal protection" and "due process". There are several obstacles that Serrano has not overcome and cannot overcome. First, such violation did not survive decedent's death. The statute itself makes this clear. See *Guyton v. Phillips*, 606 F. 2d 248, 250-51 (9th Cir. 1979), *cert. denied*, 445 U.S. 916, 100 S.Ct. 1276 (1980). Furthermore, there is no allegation of invidious class-based animus as a motivating factor in the alleged conspirational conduct complained of, and/or that the conspiracy actually caused the death. Third and finally, a municipality cannot conspire under § 1985(3) with its employees under the intracorporate conspiracy doctrine. *See Dickerson v. Alachua County Com'n*, 200 F. 3d 761 (11th Cir. 2000). For these reasons, the motion to dismiss Count VII will be granted as to all defendants.

## Count VIII

Count VIII is a simple state law claim for conversion brought only by Para de Medina and is aimed at Kelley and Irondale. Although there could be circumstances under which discretionary immunity might be available as a defense to such a claim, such a defense, along with the defense of qualified immunity, should be asserted after some discovery has been concluded. Therefore, the conversion claim will not be dismissed at this juncture either against Kelley or Irondale. Irondale

will undoubtedly eventually go out under § 6-5-338 and/or § 11-47-190.

## Other Matters

The court reserves for later consideration the question of whether Irondale can be liable for punitive and/or compensatory damages under § 1983.  By that time, perhaps the Eleventh Circuit will have expressed itself on this subject peculiar to Alabama and upon which there is no unanimity.

The court does not believe that the same lawyers can represent both of the two remaining defendants.  Counsel for defendant will therefore be called upon to state their position on this subject.

## Conclusion

An appropriate separate order will be entered.

DONE this 5th day of December, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE