FILED
2007 Jan-16 AM 10:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERTO SERRANO, as Administrator of the Estate of JUAN-MANUEL MEDINA-SEVILLA, deceased, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF IRONDALE, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>06-AR-0122-S |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of plaintiffs Alberto Serrano ("Serrano") and Elizabeth Para de Medina ("Para de Medina"), to alter, amend, or vacate the court's order of December 12, 2006. The fact that plaintiffs' motion was filed more than 10 days after the court's December 12, 2006 order does not bar reconsideration of the order under Rule 59(e) because the order did not constitute an entry of judgment.

Upon reconsideration it does appear that plaintiffs allege in their second amended (corrected) complaint that defendant City of Irondale ("Irondale") has an official custom or policy of failing to treat individuals of Mexican or Hispanic origin with constitutionally sufficient equality and that said custom or policy was the force behind decedent's death. *See* Doc. No. 38, at ¶ 28. If plaintiffs can prove this allegation, they may be entitled to relief against Irondale under 42 U.S.C. § 1983. *See Leatherman v.*

*Tarrant County Narcotics Intelligence and Coordination*, 507 U.S. 163, 166 (1993) ("a municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury").

Plaintiffs do not identify which counts of their second amended (corrected) complaint they want to be resurrected as against Irondale.  As discussed in its memorandum opinion of December 5, 2006, Serrano's only § 1983 claims against Irondale were contained in Counts III, IV, V, and VI, and Para de Medina's only § 1983 claims against Irondale was in Count VI.  For the reasons discussed in the court's December 5, 2006 memorandum opinion, Serrano cannot sustain Counts III, IV, and VI against Irondale even in light of Irondale's alleged official custom or policy of unequal treatment against Mexicans and/or Hispanics.  Accordingly, plaintiffs' motion is GRANTED only with respect to Serrano's Count V against Irondale and as to Para de Medina's Count VI against Irondale, and only to the extent those § 1983 claims are based on plaintiffs' allegation that Irondale has an official custom or policy of not treating individuals of Mexican or Hispanic origin in accordance with the requirements of the United States Constitution.  With respect to all other counts contained in plaintiffs' second amended (corrected) complaint, plaintiffs' motion is DENIED.

Plaintiffs' motion to modify the court's December 12, 2006

2

order so that their claims are dismissed without prejudice "to enable further amendment" is DENIED.  This does not preclude future amendment under appropriate circumstances.  Plaintiffs are admonished, however, to seek to further amend their complaint only after they have exercised sound judgment in order to ensure that any additional claims are cognizable and artfully plead.

In light of the foregoing, defendants shall once again show cause in writing by **4:30 p.m., January 24, 2007,** why they should not be disqualified from representing both of the two remaining defendants, or to suggest which defendant they will continue to represent.  Defendants shall also answer Serrano's Count V against Irondale and Para de Medina's Count VI against Irondale by **4:30 p.m., January 24, 2007.**

DONE this 16th day of January, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE